## State ex rel. Attorney General vs. Messmore.

The common law writ of *quo warranto*, and the substituted statutory proceeding by information in the nature of *quo warranto*, are now abrogated, and the remedies before obtainable in those forms are to be obtained by a "civil action." Chap. 160, R. S., 1858.

The summons in the civil action thus substituted, should be directed to the defendant, and be subscribed by the attorney general.

But where the defendant, after service, obtained from the attorney general, by stipulation, further time to plead, it was *held* that he had *appeared* to the action, and thereby waived all objection to the form of the summons.

The complaint in an action for the usurpation of an office, should state the *facts* constituting the usurpation, or cause of action, and not mere legal conclusions.

*Margin notes:*
June Term, 1861.

State
v.
Messmore.

| 14 | 115 |
| 81 | 474 |
| 14 | 115 |
| 83 | 120 |
| 14 | 115 |
| 84 | 239 |
| 14 | 115 |
| 108 | 12 |

June Term,
1861.

STATE
v.
MESSMORE.

But the omission to make such statement of facts cannot be reached by a motion to dismiss, but only by demurrer or objection taken at the trial.

The only pleadings in such an action, are the complaint and answer. No replication is allowed.

The framers of the constitution, in giving to this court power to issue writs of *quo warranto*, intended to give it the power to hear and determine controversies of a certain character; and this jurisdiction cannot be taken away by any legislative change in the *form* of the remedy, but the court may adopt any new process which is calculated to attain the same end.

Where an action of *quo warranto*, brought in this court, involves the functions of a high judicial office and requires a speedy determination, and the issues of fact are few and simple, a jury may be called in this court to determine those issues.

This case was argued by the Attorney General and *Mr. Pinney* for the state, and by *Mr. D. H. Johnson* for the defendant.

July 15.

*By the Court*, DIXON, C. J.   Motion by the defendant to quash the writ and dismiss the information in a proceeding in the nature of a *quo warranto*, instituted by the attorney general for the purpose of removing the respondent from the office of judge of the circuit court for the sixth judicial circuit in this state, which it is alleged he has usurped and unlawfully holds.

The information or complaint is in the form heretofore usually adopted when the proceeding was by information, properly so called, and avers generally that the defendant "for the space of one day and upwards, from the 11th day of April, 1861, has usurped, intruded into and unlawfully held, used and exercised, and still doth usurp, intrude into, unlawfully hold, use and exercise, the office of judge of the sixth judicial circuit in the said state, without any legal election, appointment, warrant or authority whatsoever therefor, in contempt of the people of the state of Wisconsin, to their great damage and prejudice." It concludes with a prayer for due advice in the premises and for due process of law against the defendant, that he be made to answer by what warrant he claims to hold, use, exercise and enjoy the office, and if no sufficient warrant be shown, that judgment of ouster be entered against him.

The summons is directed to the sheriff of the county of

June Term, 1861.

STATE
v.
MESSMORE.

Dane, and commands him to summon the defendant, if to be found in his county, to be and appear before the justices of this court, at the capitol, in the city of Madison, within twenty days after service thereof, exclusive of the day of service, then and there to answer to a certain information in the nature of *quo warranto*, filed by the attorney general in this court on the day the summons was issued, whereby the defendant is required to show by what warrant or authority he has usurped, &c., the said office. It also directs the sheriff to summon and require the defendant to serve a copy of his answer to the information (a copy of which will therewith be served upon him) upon the attorney general, at his office in the capitol, in the city of Madison, within twenty days after service of the summons and of a copy of the information, exclusive of the day of service; and in default thereof he is notified that the attorney general will apply to this court for the relief and judgment demanded and prayed for in the information. It is tested in the name of the chief justice, and signed and sealed by the clerk of the court, but not subscribed by the attorney general.

The objections taken by the motion are, 1. The proceeding is not in the form of a civil action. 2. The writ is not sufficient as a summons, and the information not sufficient as a complaint in any action known to the laws of the state; and 3. The writ is not a sufficient writ of *quo warranto*, nor a sufficient writ in a proceeding in the nature of *quo warranto*, in that it fails to require the defendant to show by what warrant he holds, or claims to hold, the office which he is alleged to have usurped, and fails to name any day upon which he is to appear, but designates twenty days for that purpose, during all which time the court was not to be and was not in session.

The motion is framed to meet either of two views which it was thought might possibly be taken by the court. The last point is only relied upon in case we should be of opinion that the common law writ of *quo warranto* and the substituted statutory proceeding by information in the nature of *quo warranto* are not abolished, and that the attorney general in the present case is attempting to pursue one or the

.other of those remedies. If they still exist and this proceeding was instituted in pursuit of either of them, there would seem to be little room for doubting its irregularity. But as the other points are predicated upon the abolition of the writ and the proceeding by information, and as we think they are abolished, comment upon this one becomes unnecessary.

Sec. 1, chap. 160, R. S., provides: "The writ of *scire facias*, the writ of *quo warranto*, and proceedings by information in the nature of *quo warranto*, shall be as here prescribed; and the remedies heretofore obtainable in those forms may be obtained by civil action, under the provisions of this chapter. But any proceedings heretofore commenced, or judgment rendered, or right acquired, shall not be affected by this act. It shall not be necessary to sue out such writs in form."

This was originally section 331 of the Code of Procedure as enacted in 1856; and the chapter of which it is a part constituted sections 331 to 350, inclusive. Laws of 1856, p. 207. It was chapter I, of title 13, as the Code was afterwards classified and divided. At that time therefore there can be no doubt that the legislature intended the remedy in such cases should be by civil action in the forms prescribed by the Code. The Code was passed and published as one chapter, and no other construction could have been given. It is a "civil action," as it was then and still is defined by statute. Secs. 1-6, Code; secs. 1-6, chap. 122, R. S.

In the revision of 1858, the Code was dismembered, and its various parts distributed through the statutes under the different titles and chapters. In doing this, sufficient regard seems not to have been had to the applicability of the language of particular sections. They were left to read as in their original connection, and thus much apparent confusion and uncertainty were introduced. The section before us is one among many instances of the kind. It is declared that the remedies heretofore obtainable by the writ of *quo warranto*, and proceedings by information in the nature of *quo warranto*, "may be obtained by civil action under the provisions of this chapter." This chapter 160 contains no provi-

sions whatever upon the subject of civil actions. There is, in strictness, nothing to which the language can be applied, and we are without a statutory guide for the proceeding. In its former connection it signified the civil action prescribed by the Code, which was all but one chapter. To have been consistent and according to the obvious intention of the legislature and the revisers, it should have read, "under the provisions of these statutes," or more properly perhaps "under the provisions of chapters 124 and 125 of these statutes." A similar question was presented in the case of *Buckstaff vs. Hanville*, decided on the first day of the present term, [*ante p.* 77]; and we held that such transposition furnished no sufficient evidence that the legislature intended any change, and that these "disjecta membra" of the Code were to be construed as when they constituted one body of the law. This case must be governed by the same rule, and is therefore a civil action, to be commenced and prosecuted in all respects like other civil actions.

The same doctrine was, by implication at least, held in the case of *The State ex. rel. Attorney General vs. Foote*, decided at the January term, 1860. [11 Wis., 14]. The complaint in that case, as in this, was styled an "information"; and the summons here is copied from the one there issued. No objection was taken to the form of the summons, but the complaint was demurred to, principally on the ground that this court had no jurisdiction over the subject of the action. It was insisted that section 3 of article VII of the constitution only gave this court power to issue the writ of *quo warranto* at the common law; that the statutes of 1849 abolished the common law writ and substituted the proceeding by information; that the present statute abrogated both the writ and the information, and declared a civil action to be the only remedy; and as it was a mere civil action it could not be entertained. We considered that the framers of the constitution looked rather to the substance than the form; that their object was not so much to give us power to issue a writ of a prescribed form, as to enable us to hear and determine controversies of a certain character; and that this jurisdiction could not be taken away by any legislative

change in the forms of the remedy, but that we might adopt any new process which was calculated to attain the same end. This was in accordance with the previous decisions and practice of this court. It had always taken jurisdiction of the proceeding by information in nature of a *quo warranto*. The demurrer was therefore overruled, but without a written opinion.

The language of chapter 160 in every part corroborates this view. All remedies in courts of justice are divided into actions and special proceedings. Sec. 1, chap. 122. Prosecutions of this nature are invariably denominated actions, of which in civil proceedings there is but one form. Section 6, under which this one is instituted, provides: " An action may be brought by the attorney general in the name of the state, upon his own information, or upon the complaint of any private party, against the parties offending in the following cases: 1. When any person shall usurp, intrude into, or unlawfully hold or exercise any public office, civil or military," &c.

It follows that the summons is irregular. The requirement that the defendant appear before the court, the statement of the object of the action, the teste and the signature of the clerk, may not vitiate it, but it should have been directed to the defendant and subscribed by the attorney general. Sec. 2, chap. 124, R. S. It is however too late for the defendant to take advantage of these defects. After service he applied to the attorney general, and, by stipulation, obtained further time to answer. This was an appearance in the action, and a waiver of all objections to the form of the summons.

As to the complaint, or information as it is called, it is undoubtedly irregular in not stating the facts constituting the usurpation or cause of action. It is little more than a statement of legal conclusions according to an ancient form. But these are defects which cannot be reached by motion to dismiss. The remedy is by demurrer or objection taken at the trial. Secs. 5, 9, chap. 125, R. S.

Motion denied.

Subsequently, but before the above opinion was filed and the grounds upon which the motion was overruled known to counsel, the defendant filed an answer, and the state filed replications, and the attorney general moved for an order requiring the defendant to rejoin or demur to the replications, and for a jury in this court to try the issues of fact, which motion was disposed of in the following opinion.

*By the Court*, DIXON, C. J. So much of the motion as asks an order requiring the defendant to rejoin or demur to the replications, is denied. We have already decided that this is a civil action. It must therefore be governed by the rules applicable to other civil actions. As the nature of the case does not admit of a counter-claim, the only pleadings are the complaint and answer. Upon them the issue is considered fully made up so far as the pleadings are concerned, and a replication is not allowed. The attorney general has leave to withdraw his replications, and the cause stands for trial on the complaint and answer.

We are of opinion that the other branch of the motion should be granted. The action is an important one. Although civil in form, it is in every other respect just what it was at the common law—a public prosecution. The usurpation of an office, though it involves private rights and interests, has always been regarded as a public offense. The remedy is still by action in the name of the state. It is instituted and conducted by the attorney general under his official oath and responsibility. In this case it involves the functions of a high judicial office, and the due administration of justice in a large section of the state. It should therefore be determined as speedily as possible consistently with a due regard to the rights of the defendant. He makes no substantial claim for delay. The questions of fact are few and simple, and will be quickly disposed of.

For these reasons, we think a jury should be called in this court.