Syllabus.

THE STATE OF KANSAS, *ex. rel.*, HENRY KEELER V. WALTER N. ALLEN, *Respondent.*

*Proceedings in Quo Warranto from Jefferson County.*

1. CONST. LAW: JURISDICTION.—The Supreme Court has original jurisdiction in proceedings in *quo warranto.* § 3, *Art.* 3, *Const.*
2. ID: QUO WARRANTO.—The Legislature by abolishing both the writ of *quo warranto*, and proceedings by information in the nature of *quo warranto* [*Gen. Stat.*, 759, § 652] have not thereby destroyed the constitutional jurisdiction of the Supreme Court in such cases.
3. PROCEEDINGS UNDER CODE.—Article 29 of the code of civil procedure [*Gen. Stat.*, 759] merely provides a new mode of procedure for the Supreme Court in such cases, but does not in the least affect its jurisdiction.
4. EXTENT OF JURISDICTION.—The jurisdiction of the Supreme Court in such cases is co-extensive with the state. § 2, *Art.* 3, *Const.*
5. LIMITATION BY LEGISLATURE.—The legislature have not and cannot limit the jurisdiction of the Supreme Court in such cases to Shawnee county merely, and the Supreme Court is not therefore forced to dismiss this action, which is a proceeding in *quo warranto*, for the reason that the cause of action arose in Jefferson county. *Gen. Stat.* 639, § 48.
6. PROSECUTOR.—The county attorney of Jefferson county is a proper person to commence and prosecute this action. [*Gen. Stat.*, 760, § 654.] The Supreme Court will not therefore dismiss the action, because the attorney general of the state has made no appearance in the case, and does not prosecute the same. *Gen. Stat.*, 986, § 64.
7. CHANGE OF VENUE.—The Supreme Court has no authority to send this case to the district court of Jefferson county, or to any other court in any other county of the state.
8. COUNTY CLERK AN OFFICER.—The office of county clerk is a county office within the meaning of the act entitled "An act relating to counties and county officers." *Gen. Stat.*, 253, 262, 294.
9. DUTIES OF.—It is the duty of the county clerk to attend the sessions of the board of county commissioners, keep a record of their proceedings, sign the record, and attest the same with the county seal. [*Gen. Stat.*, 263, § 43, 44.] He is merely a clerk in such cases for the board, having no supervisory control over, and not responsible for their action, it is not for him to determine whether they act wisely or unwisely, prudently or imprudently, legally or illegally, at least so long as they keep within the scope of their authority.
10 POWER OF COUNTY COMMISSIONERS.—It is within the scope of the authority of the board of county commissioners to determine whether an election has been had authorizing them to subscribe stock in a railroad company, and it is also within the scope of their authority to subscribe such stock when such election has been held, and to make all the necessary orders with reference to the same. *Laws of* 1865, 41; *Laws of* 1866, 72; *Laws of* 1867, 39; *Gen. Stat.*, 892.

11. ID. OVER CLERK.—It is not necessary that the petition in this case should state that such election was actually held, or that a majority of the legal voters at such election voted in favor of subscribing such stock and issuing the bonds of the county in payment therefor. The petition shows that the board found, or determined such to be the facts, and that is all that is necessary in the premises. It was the duty of the clerk to record these proceedings, whether he considered them true or untrue, legal or illegal.

12. FORFEITURE OF OFFICE BY CLERK.—If the county clerk willfully refuses to record such proceedings of the board of county commissioners, and willfully refuses to act as clerk for the board, and willfully locks up the records and the county seal, he forfeits his office. *Gen. Stat.*, 294, § 180.

13. REMOVAL OF CLERK.—A county clerk who has forfeited his office through misconduct may be removed therefrom by a civil action, in the nature of a proceeding in *quo warranto*, in the Supreme Court. *Gen. Stat.*, 294, § 180 ; also page 759, § 653.

14. INSPECTION OF RECORDS.—The counsel for the plaintiffs, upon proper demand, has a right to an inspection and copy, or permission to take a copy of the county records within the custody of said defendant, containing evidence and relating to the merits of this action, and after the said defendant has for more than four days, persistently refused such inspection and copy, the court upon motion and notice to the said defendant, and sufficient evidence of such demand and refusal, will under section 368 of the code [*Gen. Stat.* 699] order that said defendant give to said counsel for the plaintiff, within a specified time, an inspection and copy, or permission to take a copy of said records.

15. JURY IN SUPREME COURT.—In all original proceedings, the Supreme Court has power to send issues of fact to a jury for trial, whether, as a matter of strict right, either party is entitled to a jury trial or not. *Gen. Stat.*, 680, § 267.

16. EMPANNELING.—By granting the defendant a jury trial in this case, the court is not forced to dismiss the action for want of power in the court to impannel a jury. *Gen. Stat.*, 538, § 23.

17. FROM WHAT COUNTY DRAWN.—As the jurisdiction of the Supreme Court is co-extensive with the state, the court, exercising a sound discretion, may order the jury from any county of the state, and in the exercise of that discretion, will order the jury from a county where an impartial jury may be obtained, rather than from a county where an impartial jury cannot easily be obtained, and will order the jury from a county the most convenient, rather than from a county more remote.

18. CONTINUANCE OF SUCH CASE.—A continuance will not be granted to the defendant, to enable him to obtain the testimony of a witness, and to obtain certain books, papers, and records in the custody of said witness, when the said witness is produced in court, with all the said books, papers, and records, ready and willing to be examined as a witness, and also ready and willing to allow said books, papers, and records, to be used as evidence.

19 AFFIDAVITS.—The court will not consider affidavits read and filed in the case, upon which nothing is asked, and which are not applicable to any motion, issue or proceeding in the case.

The following are the material allegations of the petition of the relator, with the exhibits omitted, and embody the principal facts of the case not disclosed by the statement in the opinion hereto annexed :

I. "1.   That on the 14th day of January, A. D. 1869, the board of county commissioners of Jefferson county, in the State of Kansas, directed Henry Keeler, county attorney of said county, to prosecute this action against said W. N. Allen, defendant.

"2.   That on the — day of November, A. D. 1867, said defendant, Walter N. Allen, was duly elected county clerk of said county, and that on the —th day of January, A. D. 1868, he entered upon the discharge of the duties of said office of county clerk, and that ever since said —th day of January, A. D. 1868, said Walter N. Allen, defendant, has been acting as county clerk of said county.

"3.   That at a regular meeting and session of the board of county commissioners of said county, begun and held in the court house at the village of Oskaloosa, the county seat of said county, on the first Monday in January, A. D. 1869, there were present John C. W. Davis, chairman of said board; John A. Coffey and Wm. Gragg, members of said board; Walter N. Allen, county clerk of said county; and Henry Keeler, county attorney; and afterwards on the 6th day of January, at the same meeting and session of said board all the above named members and officers being present, a proceeding was had by said board, of which a true copy of a journal entry thereof as agreed upon by said board is hereto attached, marked exhibit 'A,' and made a part of this petition, which said board ordered said defendant, Walter N. Allen, as county clerk to record upon the journal of said board, which said journal was provided for the purpose of recording therein all proceedings of said board as a part of the proceedings of said board, yet the said Walter N. Allen, defendant, neglected and refused, and still does neglect and refuse

to record the same as aforesaid, although it was and is his official duty as such county clerk so to do."

II. "1. That paragraph one and paragraph two of the first cause of action stated herein are true, and are hereby made a part of the statement of this cause of action.

"2. That at the same meeting and session of the county board of said county mentioned in paragraph three of the first cause of action alleged herein on the 14th day of January, A. D. 1869, all the members and officers mentioned in said paragraph three being present, a proceeding was had by said board, of which a true copy of the journal entry thereof, as agreed upon by said board, is hereto attached, marked exhibit 'B,' and made a part of this petition; which proceeding and journal entry said board ordered said. Walter N. Allen, clerk, to record upon the journal of said board, which said journal was and is the book provided for the purpose of recording therein all proceedings of said board as a part of the proceedings of said board, yet the said Walter N. Allen, defendant, neglected and refused, and still does neglect and refuse, to record the same as aforesaid, although it was and is his official duty as such county clerk so to do."

III. "1. That paragraph one and paragraph two of the first cause of action stated herein are true, and are hereby made a part of the statement of this cause of action.

"2. That at and during a regular meeting and session of the board of county commissioners of Jefferson county in the State of Kansas, on the 14th day of January, A. D. 1869, there being then present John C. W. Davis, chairman of said board; John A. Coffey and William Gragg, members of said board; Walter N. Allen,

county clerk of said county; and Henry Keeler, county attorney of said county; and while said board were engaged in the transaction of official business as such board, the said Walter N. Allen, defendant, as county clerk, refused to attend the session of said board, and was guilty of contemptuous and disorderly conduct, and language in the presence of and towards said board, as follows, to-wit: That said Walter N. Allen took the seal of said board from its usual place in said county clerk's office, and put the same in the vault and then locked the vault, containing said seal, and containing also the records and other official papers of said office, put the key of said vault in his pocket, and said to the said board in substance, and as nearly as plaintiff can ascertain, the following words, to-wit: 'I give you notice that you are now transacting business without a clerk. I will not act as clerk for a board that is foisting such a fraud upon Jefferson county where the people are not heard. I will not act as your clerk any more to-day.' And at the time of using said language, said defendant did strike his fist down upon the table in front of said board in a violent, defiant and contemptuous manner, whereby the transaction of the business of said county by said board was impeded to the great damage of said county and its citizens, notwithstanding it is and was the official duty of said defendant, as such county clerk, to attend the session of said board, to render to said board, his aid and assistance in facilitating the transaction of the business of said county, and to conduct himself as such county clerk in a respectful and orderly manner in the presence of and toward said board.

"And plaintiff further says that as a part of the same transaction, and of the conduct of the defendant therein, that after the seal of said board had been locked up in the vault as aforesaid, said board ordered and directed

the defendant as county clerk to produce said seal, that the impression might be affixed to a paper containing an official act of the said board. Yet, the said defendant, as county clerk, refused to produce said seal, and refused to make or allow the impression thereof to be affixed to said paper.

"Whereupon the said plaintiff prays judgment that said Walter N. Allen, defendant, be ousted and removed from the said office of county clerk, and that said plaintiff have and recover of and from said defendant, the costs of this action.

Henry Keeler,

County Attorney of Jefferson county in the State of Kansas, for plaintiff.

"To the clerk of the above named court: You will please issue summons for defendant in above entitled action, returnable according to law, directed to sheriff of Jefferson county to serve."

*Henry Keeler*, county attorney for Jefferson county, *J. B. Johnson* and *D. Brockway*, for relator.

*A. N. Allen, pro se.*

*For the relator*, it was contended:

1. The duty of the county clerk to record the orders and act as clerk of the board of commissioners, is clearly laid down in sections forty-three and forty-four of the act in relation to counties and county officers. *Gen'l. Stat.*, 263.

2. By section one hundred and eighty of the same acts [*page* 294] it is provided that: "If any board of county commissioners, or any commissioner, or any other county officer shall neglect or refuse to perform any act which it is his duty to perform, or shall corruptly or op-

pressively perform any such duty, he shall forfeit his office, and shall be removed therefrom by civil action in the manner provided in the code of civil procedure." *See also* §§ 652, 653 *of Civil Code,* 759, 760.

3. Under sections forty-four of the county and county officer act, there is no discretion in the county clerk, who is a mere ministerial officer; but his duty *to record all proceedings* is absolute. Any refusal *works* a forfeiture under section one hundred and eighty.

4. The offense charged is the neglect of a purely ministerial duty which he was absolutely bound to perform, and he had no discretion or right to decline. This was all that was necessary even to constitute it a crime as well as to forfeit his office. *People v. Brooks,* 1 *Denio,* 457.


*By the Court,* VALENTINE, J.


This action was commenced originally in this court by Henry Keeler, county attorney of Jefferson county, to inquire by what authority the said Walter N. Allen continues to exercise the functions of county clerk of said county, after he has forfeited, as the said Keeler claims, the said office.

Before said action was finally brought on for trial, the said defendant interposed every possible dilatory motion, that skill and ingenuity could invent; and in the disposal of all these motions, every legal question in the case was raised and decided, and nothing was left to be decided at the trial but pure questions of fact. On these motions the court decided as follows:

CONSTITUTIONAL LAW. The Supreme Court has original jurisdiction in proceedings in *quo warranto. Sec.* 3, *Art.* 3, *Constitution.*

ID: QUO WAR-
ranto.

The legislature by abolishing both the writ of *quo warranto,* and proceedings by information in the nature of *quo warranto,* [*Gen. Stat.,* 759, § 652,] have not thereby destroyed the constitutional jurisdiction of the Supreme Court in such cases. *State v. Messmore,* 14 *Wis.,* 115.

PROCEEDINGS
under the
Code.

Article 29 of the code of civil procedure [*Gen. Stat.,* 759] merely provides a new mode of procedure for the Supreme Court in such cases, but does not in the least affect its jurisdiction.

JURISDICTION:
Extent.

The jurisdiction of the Supreme Court in such cases is co-extensive with the state. *Sec. 3, Art. 3, Constitution.*

LIMITATION OF:
by Legislature.

The legislature have not, and cannot limit the jurisdiction of the Supreme Court in such cases to Shawnee county merely; and the Supreme Court is not, therefore, forced to dismiss this action, for the reason that the cause of action arose in Jefferson county. *Gen. Stat.,* 639, § 48.

PROSECUTOR.

The county attorney, of Jefferson county, is a proper person to commence and prosecute this action. [*Gen. Stat.,* 760, § 654.] The Supreme Court will not, therefore, dismiss this action, because the attorney general of the state has made no appearance in the case, and does not prosecute the same. *Gen. Stat.,* 986, § 64.

CHANGING
Venue.

The Supreme Court has no authority to send this case to the district court of Jefferson county, or to any other court in any other county, for trial.

PETITION.

The petition in this case states facts sufficient to constitute a cause of action.

COUNTY CLERK.

The office of county clerk is a county office, within the meaning of the act entitled "an act

relating to counties and county officers." *Gen. Stat.*, 253, 262, 294.

DUTIES.

It is the duty of the county clerk to attend the sessions of the board of county commissioners; keep a record of their proceedings; sign the record; and attest the same with the county seal. [*Gen. Stat.*, 263, §§ 43, 44.] He is merely a clerk in such cases for the board, having no supervisory control over, and not responsible for their actions. It is not for him to determine whether they act wisely or unwisely, prudently or imprudently, legally or illegally, at least so long as they keep within the scope of their authority.

COUNTY COMMISsioners.

It is within the scope of the authority of the board of county commissioners to determine whether an election has been had authorizing them to subscribe stock in a railroad company. And it is also within the scope of their authority to subscribe such stock, when such election has been had, and to make all the necessary orders with reference to the same. *Laws* '65, 41; *Laws* '66, 72; *Laws* '67, 39; *Gen'l. Stat.*, 892.

ID. OVER CLERKS.

It is not necessary that the petition in this case should state that such election was actually held in Jefferson county, or that a majority of the legal voters at such election voted in favor of subscribing such stock, and issuing the bonds of the county in payment therefor. The petition shows that the board found or determined such to be the facts, and that is all that is necessary in the premises. It was the duty of the county clerk to record these proceedings, whether he considered them true or false, legal or illegal.

OFFICE BY FORfeiture.

If the county clerk willfully refuses to record such proceedings of the board of county commissioners, and willfully refuses to act as clerk for the board, and willfully locks up the records and seal of the

county, he forfeits his office. [*Gen. Stat.*, 294, § 180.] The petition plainly enough states that the defendant willfully and persistently refused to perform all these duties of the county clerk. And the petition also plainly enough negatives all idea of the defendant having a deputy present at the session of the board ready and willing to perform these duties.

REMOVAL.    A county clerk who has by misconduct forfeited his office, may be removed therefrom by a civil action, in the nature of a proceeding in *quo warranto*, in the supreme court. *Gen. Stat.*, 294, § 180; *also page* 759, § 653.

INSPECTION OF Records.    The counsel for the plaintiff, upon proper demand, has a right to an inspection and copy, or permission to take a copy of the county records, within the custody of the said defendant, containing evidence relating to the merits of this action, and after the said defendant has for more than four days persistently refused such inspection and copy, the court upon motion and notice to said defendant, and sufficient evidence of such demand and refusal, will, under section 368 of the code, [*Gen. Stat.* 699] order that said defendant give to said counsel for the plaintiff within a specified time, an inspection and copy, or permission to take a copy of said records.

JURY: COMMON Law.    At common law, in a proceeding in *quo warranto*, the respondent was probably entitled to a jury for the trial of questions of fact. *People v. Doesburg*, 16 *Mich.*, 133; *Ang. & Ames on Corp.*, 741, *and notes; State v. Messmore*, 14 *Wis.*, 116; 3 *Stephens' Nisi Prius*, 2429, *et seq.; People v. Richardson*, 4 *Cowen*, 97, *and note A.*

If the respondent at common law was, in such cases, entitled to a jury trial, the defendant in a civil action, in the nature of a proceeding in *quo warranto*, is probably

still entitled to a jury trial. *Bill of Rights, Constitution,* §
5; *The State, ex rel., Henry Barber v. The Sheriff of Lyon
County,* decided at the January Term of this Court, 1868, *but
not yet reported; Work v. The State,* 2 O. S., 296; *Green v.
Briggs,* 1 *Curtis,* 311; *Contra, Gen. Stat.,* 680, §§ 266, 267.

ID: UNDER
Statute.
It is the opinion of this court, that in all orig-
inal proceedings, the court has power to send
issues of fact to a jury for trial, whether as a matter of
strict right, either party is entitled to a jury trial or not.
*Gen. Stat.,* 680, *sec.* 267; *and authorities cited, ante.*

Without deciding the question whether the defendant,
as a matter of strict right, is entitled to a jury trial or
not, but as he demands to be tried by a jury, we shall
send all issues of fact in this case to a jury for trial.

EMPANNELING.
By granting the defendant a jury trial we do
not think that we force ourselves to dismiss
the action for want of power in the court to empannel a
jury. *Gen. Stat.,* 538, § 23; *Ang. and A. on Corp.,* § 741;
*State v. Messmore,* 14 *Wis.,* 115.

FROM WHAT
County.
As the jurisdiction of this court is co-extensive
with the state, we probably have power, exer-
cising a sound discretion, to order a jury from any county
of the state.

We shall not in our discretion order that the jury
be taken from Jefferson county, where, as is admitted
by counsel on both sides, the facts of the case have been
generally discussed so that an impartial jury could not
easily be obtained, and where good grounds for a change
of venue exist, if the suit had been instituted there.
But as no reason seems to be shown why an impartial
jury cannot be obtained from Shawnee county, and as it
is most convenient for us to obtain a jury from Shawnee
county we shall order that the writ for the jury issue to

the sheriff of said Shawnee county. *Gen. Stat.*, 538, § 23; *also page* 300, § 6.

If any good reason can be shown why an impartial jury cannot be obtained from Shawnee county, we shall order the writ for the jury to issue to the sheriff of some other county.

CONTINUANCE.

A continuance will not be granted to the defendant to enable him to obtain the testimony of a witness, and to obtain certain books, papers and records in the custody of said witness, when the said witness is produced in court, with all the said books, papers and records, ready and willing to be examined as a witness, and also ready and willing to allow said books, papers and records to be used as evidence.

AFFIDAVITS.

The court will not consider affidavits read and filed in the case upon which nothing is asked, and which are not applicable to any motion, issue, or proceeding in the case.

After all these questions were decided on preliminary motions, the defendant withdrew his application for a jury, and abandoned the case altogether. The plaintiff then waived a jury, and the trial proceeded before the court. The allegations of the petition were amply proved.

The court therefore finds, as a conclusion of law, that the said defendant, through his said willful misconduct, forfeited his said office, and it is the judgment of this court, that he be removed therefrom.

KINGMAN, C. J., concurring.

SAFFORD, J., did not sit in the case.