Le Bosquet et al vs Myers et al.

Opinion rendered June 14, 1907.

(103 S. W. Rep. 770).

1.  *Corporations—Removal of Officers—Provisions of Statute.*

Action at law may be brought, in lieu of quo warranto and scire facias, or of information in nature of quo warranto, to prevent usurpation of office.  Mansf. Dig. c. 151, § 6464.  Action at law may be instituted against the person usurping the office either by person entitled to office or by the state.  Sec. 6466.  Judgment of ouster of usurper may be had.  Sec. 6470.  This section also provides for the induction therein of the person adjudged entitled thereto.  This is held to authorize only the removal of persons from public offices and not from offices as directors of private corporations.

2.  *Construction of Statute.*

The construction placed upon the Arkansas statute by the Supreme Court of Arkansas is binding upon the Indian Territory Court of Appeals.

Appeal from the United States Court for the Central District of the Indian Territory; before Justice Humphry, April 6, 1905.

Action by Harry H. Myers and another against J. E. Le Bosquet and another. Plea in abatement to the jurisdiction óf the court. From a judgment for plaintiffs, defendants appeal. Motion to dismiss the appeal. Motion to dismiss overruled. Reversed and remanded, with directions to dismiss the case.

*F. H. Kellogg* and *Stuart & Gordon,* for appellants.

*George A. Grace* and *Myers & Bratton,* for appellees.

TOWNSEND, J.   In this case suit was instituted by the appellees, plaintiffs below, to secure a judgment of ouster against appellants, defendants below, to remove them from the office of directors in a private corporation, known as the Le Bosquet Coal & Mining Company. This action seems to have been instituted under the provisions of section 6464, c. 151, of Mansfield's Digest of Statutes, which contains the following provisions: "In lieu of the writs of scire facias and quo warranto, or of an information in the nature of a quo warranto, actions by proceedings at law may be brought to vacate or repeal charters, and prevent the usurpation of an office or franchise." Section 6466 of the same chapter recites: "Whenever a person usurps an office or franchise to which he is not entitled by law, an action by proceedings at law may be instituted against him, either by the state or the party entitled to the office or franchise." Section 6470 provides for judgment of ouster of the usurper, and the induction therein of the plaintiff. The Supreme Court of Arkansas, in construing these several sections, in Wheat vs Smith, 50 Ark. 266, 7 S. W. 161, says: "The design of these provisions was to enlarge the remedy formerly afforded by information in the nature of quo warranto. Wood on Mandamus, 224; State ex rel.

vs Messmore, 14 Wis. 115; Patterson vs Miller, 2 Metc. (Ky.) 497; People ex rel. vs Thatcher, 55 N. Y. 529, 14 Am. Rep. 312. That intention is expressed in the first section and is manifested by the nature of the remedy provided in the others. It opens the way for the person who would have been the relator in an action by the state, under the common-law practice, to institute the proceedings to test his title to an office in his own name, without leave of court, or the intervention of her officials as a party. It is necessary to recur to the object of the act to determine by and against whom an action under it may be maintained. The remedy being a substitute for, and a modification of, the proceeding by information in the nature of quo warranto, we may look to that proceeding to determine its character." It is our opinion that these statutes, by stating that they are in lieu of the writs of scire facias and quo warranto, and of an information in the nature of a quo warranto, apply only to public offices, and not to offices of a private corporation. It appears that the Supreme Court of Arkansas, in construing this statute, have uniformly given the statute that construction; and, as is well settled, the construction of a statute of Arkansas by the Supreme Court of that state is binding upon this court.

Therefore the motion filed in this case to dismiss the appeal will be overruled, and the plea in abatement to the jurisdiction of the United States Court for the Central District of the Indian Territory should have been sustained, and this case should have been dismissed for want of jurisdiction. It is reversed and remanded with directions to the lower court to dismiss the case.

Reversed and remanded.

GILL, C. J., and LAWRENCE, J., concur. CLAYTON, J., disqualified.