No. 38,146

STATE OF KANSAS, ex rel. DALE H. CORLEY, as County Attorney of and for Finney County, Kansas, and the STATE BOARD OF MEDICAL REGISTRATION AND EXAMINATION OF KANSAS, *Appellee*, v. V. A. LEOPOLD, D. O., *Appellant*.

(228 P. 2d 538)

Opinion filed March 10, 1951.

*A. M. Fleming,* of Garden City, argued the cause, and *Robert L. NeSmith* and *Harold Irwin,* both of Wichita, and *C. E. Vance, C. R. Hope, Bertram J. Vance* and *Clifford R. Hope, Jr.,* all of Garden City, were on the briefs for the appellant.

*Blake A. Williamson,* of Kansas City, and *Theo. F. Varner,* assistant attorney general, argued the cause, and *Dale E. Saffels,* county attorney, *Dale H. Corley,* ex-county attorney, and *Clark H. McPherson,* all of Garden City, were on the briefs of the appellee.

The opinion of the court was delivered by

SMITH, J.: This is an action in the name of the state of Kansas on the relation of the county attorney of Finney county and on the relation of the state board of medical registration and examination to enjoin the defendant from what is designated in the petition as the unlawful practice of medicine. The court below overruled the defendant's demurrer. He has appealed.

The petition stated the official capacity of the county attorney and the state board of medical registration and examination and then stated that defendant, a doctor of osteopathy, was without any right to engage in the practice of medicine but notwithstanding that was usurping that right, and was holding himself out to the public to be lawfully engaged in such practice and had on numerous occasions recommended and for a fee, prescribed drugs and medicine. Instances where defendant had performed acts of surgery were pleaded. The prayer was that defendant be ousted from practicing medicine and surgery in the state of Kansas.

The defendant demurred to the petition on the ground that the state of Kansas and the state board of medical registration and examination of Kansas were improper parties plaintiff; that the state of Kansas, *ex rel.,* and the state board of medical registration and examination had no legal capacity to jointly prosecute the action; that neither one of the two attorneys who had signed the petition as attorneys for the state board of medical registration and examination had any legal capacity or authority to prosecute the action; that plaintiffs being without such legal capacity, the court had no jurisdiction of the subject of the action and plaintiffs being without legal authority the court had no jurisdiction of the person of the defendant.

This demurrer was amended later, adding thereto the ground that the state board and the state on the relation of the county attorney are not the real parties in interest. This demurrer was overruled and the defendant has appealed.

It will be noted the action is entitled:

"State of Kansas ex rel Dale H. Corley, as County Attorney of and for Finney County, Kansas, and The State Board of Medical Registration and Examination, of Kansas."

The introductory paragraph reads as follows:

"Comes now the State of Kansas, on the relation of Dale H. Corley, as County Attorney of and for Finney County, Kansas, and on the relation of The State Board of Medical Registration and Examination, of Kansas, and for cause of action against the defendant above named, alleges and states;"

The defendant states the questions involved as follows:

"1. Has the State Board of Medical Registration and examination legal capacity to institute and maintain, in its own name, an action in injunction under and pursuant to 65-1010, 1947 Supp., G. S. 1935?

"2. Are the State of Kansas on relation of the County Attorney joined with the State Board of Medical Registration and Examination, as plaintiffs, the real parties in interest?

"3. Has the State of Kansas, on relation of the County Attorney, joined with the State Board of Medical Registration and Examination, legal capacity or authority to institute and maintain an action in injunction under such statute?"

The statute referred to in the first question is now G. S. 1949, 65-1010. That is a portion of the chapter providing for the examination and registration of doctors. It reads as follows:

"An action in injunction or quo warranto may be brought and maintained in the name of the state of Kansas to enjoin or oust from the lawful practice of medicine and surgery any person who shall practice medicine and surgery as defined by the law of Kansas without being duly licensed therefor. Nothing herein contained shall confer upon the probate judges or district courts of the state the right to grant temporary restraining orders or temporary injunctions under this act, and no injunction matter shall be heard or decided until the defendant shall have had his day in court."

Attention is also called to G. S. 1949, 65-1006. That is part of the same chapter. The last sentence of the section reads:

"It shall be the duty of the secretary of the state board of registration and examination to see that this act is enforced."

Appellant argues that the foregoing statute did not confer on the state board of medical registration and examination authority to bring actions on the relation of that board. In connection with this argument he cites G. S. 1949, 19-702, an act which defines the duty of county attorneys and G. S. 1949, 75-702, which defines the duty of the attorney general. Each of these sections makes it the duty of the officer mentioned to appear and prosecute in the name of the state on behalf of the people. For the sake of the decision in this

case it may be conceded that such is the law. We are not confronted with an action brought in the name of the state of Kansas on the relation of the board of medical registration and examination. As pointed out, this action is brought in the name of the state of Kansas on the relation of the county attorney of Finney county, as well as on the relation of the state board of medical registration and examination and the county attorney. There can be no doubt but that the county attorney has authority to bring such an action. (See *The State, ex rel. v. Allen,* 5 Kan. 213; *The State, ex rel., v. Majors,* 16 Kan. 440; *The State, ex rel., v. Kelly,* 2 Kan. App. 178, 43 Pac. 299; *The State, ex rel., v. Baird,* 117 Kan. 549, 231 Pac. 1021; *State, ex rel., v. Bradbury,* 123 Kan. 495, 256 Pac. 149; and *State, ex rel., v. Wyandotte County Comm'rs,* 140 Kan. 744, 39 P. 2d 286.)

The defendant argues that the state of Kansas on the relation of the county attorney joined with the state board of medical registration and examination are not the real parties in interest. Some opinions are cited holding that in an action where a party who has no interest in the litigation is joined with the party who does have an interest, the action is subject to dismissal. We have examined these authorities and find they are not in point here. The most that may be said for the argument of defendant is that the joining of the state board of medical registration and examination was surplusage.

The defendant argues that the action was not brought by the state, ex rel., county attorney for the purpose of protecting the health of the people, but was actually brought to protect the professional interests of the members of the medical profession.

The enactment of chapter 270 of the laws of 1937, now G. S. 1949, 65-1010 and 65-1011, together with *State, ex rel., v. Cooper,* 147 Kan. 710, 78 P. 2d 884; *State, ex rel., v. Gleason,* 148 Kan. 1, 79 P. 2d 911; and *State, ex rel., v. Moore,* 154 Kan. 193, 117 P. 2d 598, are a refutation of this argument.

The judgment of the trial court is affirmed.