## STATE OF CONNECTICUT *v.* LUIS VARGAS

CIRCUIT COURT                    SEVENTH CIRCUIT
FILE No. CR 7-17506

Memorandum filed November 12, 1969

*Milton A. Fishman,* prosecuting attorney, for the state.

*Francis R. Danaher,* of Meriden, for the defendant.

*Morton H. Greenblatt,* assistant corporation counsel, as amicus curiae.[1]

JACOBS, J.  This is a four-count information charging the defendant with violations of the building code of the city of Meriden which became effective on December 16, 1955.  The defendant is charged with violations of § 100(6), failure to obtain permit on or about May 22, 1969; § 100(11), failure to obtain license on or about June 23, 1969; § 100(6), failure to obtain permit on or about June 23, 1969; and

---

[1] Upon agreement and stipulation of the parties, the assistant corporation counsel of the city of Meriden appeared and filed a brief as amicus curiae upon the ground that the city of Meriden has a vital interest in the determination of the issues presented by the motion. The court granted the assistant corporation counsel of the city of Meriden permission to appear and to file a brief on behalf of the municipality.

§ 100(11), failure to obtain license on or about May 22, 1969. The building code provides (§ 14) that for a violation of any provision of the code there shall be a penalty of not more than $100 on conviction for each violation.

The defendant's attack on the building code of the city of Meriden is by means of a motion to dismiss the information and is based, essentially, on two grounds: (1) The procedural mode followed by the city of Meriden in the adoption of its building code was improper and invalid because "[t]here is no record in the city clerk's office in the city of Meriden that in December of 1955 three copies of the Connecticut State Building Code . . . had been filed and were on file." (2) The building code of the city of Meriden is unconstitutional because the code fails to provide for an appeal by an aggrieved person.

Section 4106 of the 1949 Revision (now, as amended, General Statutes § 19-395) empowered any municipality to adopt the state building code or any amendment thereto by ordinance, "and no requirement of law for the publication of ordinances shall be deemed to require the publication of the code or such amendment in any newspaper; but three copies of the code and of any such amendment, together with three copies of any code, rule or regulation incorporated therein by reference, shall be filed for public examination at the office of the clerk of such . . . city . . . for thirty days before the passage of such ordinance." "[T]he fundamental purpose of the filing is to enable each member of the public to inspect the proposed . . . [building code] in time to determine whether his interests may be affected so that he should attend the public hearing to support or oppose adoption of the proposed . . . [building code], or to suggest changes therein, as the case may be." *Scovil* v. *Planning & Zoning Commission,* 155 Conn. 12, 18.

Where the claim is made, as in the case at bar, that the ordinance in question was never legally enacted, it may be collaterally attacked. *Bowling Green-Warren County Airport Board* v. *Long,* 364 S.W.2d 167 (Ky.); 6 McQuillin, Municipal Corporations (3d Ed. Rev.) § 20.14, p. 37. It is axiomatic that, where a municipal ordinance is attacked, the burden is on the person alleging its invalidity to establish that fact. *G. I. Veterans' Taxicab Assn., Inc.* v. *Yellow Cab Co.,* 192 Md. 551; 37 Am. Jur., Municipal Corporations, § 178. "This was a rather heavy burden." *Scovil* v. *Planning & Zoning Commission,* supra, 17. Equally true is the legal presumption, until the contrary appears, that proceedings of the governing body have been conducted according to law. *Wofsey* v. *New York & Stamford Ry. Co.,* 106 Conn. 254, 257, and cases cited.

For nearly fourteen years, until the time the defendant attempted to assail its validity, the building code of the city of Meriden had been in effect. During this entire period of time the public acquiesced in and permitted the exercise of authority under the ordinance throughout the city of Meriden. And during this period of some fourteen years and in reliance upon the validity of the ordinance, extensive property interests have been involved in one way or another. So far as the court is aware, the validity of the code has never been challenged in any suit prior to the present proceedings. An adjudication that the building code of the city of Meriden never took effect because of the failure strictly to comply with the filing requirements would result in confusion and chaos. Such a sacrifice should not be demanded on merely technical grounds.

Therefore, the holding must be that the circumstances in the proof raise, after the lapse of some fourteen years, a sufficient presumption of the exist-

ence of every fact necessary to the validity of the ordinance. In other words, legal passage of the ordinance will be presumed not only from the lapse of time but also from the fact that its legality has never been challenged. See *New London* v. *New York, N.H. & H.R. Co.*, 85 Conn. 595, 601; *Town of Fletcher* v. *Hickman*, 136 F. 568, 570; *Phenix City* v. *Southern Bell Telephone & Telegraph Co.*, 33 F. Sup. 283, 286; *Santa Rosa City R. Co.* v. *Central St. Ry. Co.*, 38 P. 986, 988 (Cal.); *Quincy* v. *Chicago, B. & Q.R. Co.*, 92 Ill. 21, 23; *Muir* v. *Bardstown*, 120 Ky. 739; 1 Antieu, Municipal Corporation Law § 4.08, p. 197; 37 Am. Jur. 767 n.7, Municipal Corporations, § 154; Ann. Cas. 1916B 507.

The court also finds from the evidence adduced at the hearing on the motion that the defendant has not met the standard of proof—"a rather heavy burden"—required by law to overthrow the challenged legislation.

The second ground of the motion to dismiss, raising the claim that the code is unconstitutional because no provision is made for an appeal by an aggrieved person, cannot be considered for the reason that the point has not been briefed. A claim of law not briefed must be considered as having been abandoned.

For the reasons stated herein, the motion to dismiss the information must be, and the same is, hereby denied.