No. 59,431

BILLY OIL COMPANY, INC., *et al., Appellants,* v. THE BOARD OF
COUNTY COMMISSIONERS OF THE COUNTY OF LEAVENWORTH, KAN-
SAS, *et al., Appellees.*

(732 P.2d 737)

Opinion
filed February 20, 1987.

*John P. Jennings, Jr.,* of Copilevitz, Bryant, Gray & Jennings, P.C., of Kansas
City, Missouri, argued the cause and *Bernard F. Weinand,* of Prairie Village, was
with him on the briefs for appellants.

*Patrick J. Reardon,* county counselor, argued the cause and was on the brief
for appellees.

The opinion of the court was delivered by

HOLMES, J.: Billy Oil Co., Inc., and eleven other oil and gas
producers or drillers who operate in Leavenworth County, Kan-
sas, plaintiffs below, sought a declaratory judgment that a certain
Leavenworth County zoning resolution was invalid and also
sought to recover damages. The petition named the Board of
County Commissioners, the planning and zoning director, and
the Leavenworth County sheriff as defendants. The district court
denied the plaintiffs' motion for a temporary injunction, upheld
the validity of the resolution, and denied a request for attorney
fees pursuant to 42 U.S.C. § 1988 (1982). The plaintiffs have
appealed.

The resolution in issue, Article XVIII of the County's zoning
resolutions, was adopted by the defendant, the Board of County
Commissioners of Leavenworth County, on October 10, 1984,
pursuant to the home rule powers granted by K.S.A. 19-101a *et
seq.* The resolution authorized the Department of Planning and

Zoning to issue special use permits for various specified uses and buildings otherwise prohibited by the zoning resolutions. Section 21 of the resolution concerns the issuance of a special use permit in order to place an oil or gas well, drilling apparatus, or storage tanks in an area not zoned for that land use. The resolution, in pertinent part, reads as follows:

"A Special Use Permit may be issued by the County Commissioners of the county of Leavenworth which authorizes the location of any of the following buildings or uses in a district from which they are prohibited by this resolution. Should one or more of the special uses set out in this article be set out in a particular zoning district definition, a Special Use Permit must be obtained for that use, regardless.

. . . .

"A Special Use Permit is obtained by filing an application accompanied by all appropriate documents in the office of the Department of Planning and Zoning along with a filing fee as set out by the County Commissioners. The process for obtaining a Special Use Permit is as outlined in Article XXVI, 'AMENDMENTS' of this zoning resolution.

"The following buildings and uses may be authorized by a Special Use Permit:

. . . .

"21. Oil and natural gas wells, drilling apparatus and storage tanks.
(The Zoning Administrator may issue permits as specified in Section 21 of this Article without requiring a Special Use Permit to be obtained. If the Administrator is reluctant to approve the issuance of said permit, (s)he shall request that the applicant apply for a Special Use Permit as set out in this Article.)"

On October 22, 1984, the Board of County Commissioners issued its Order No. 1984-15, which established a fee schedule for various special use permits. The "Oil and Gas well/drilling/storage fee" was set at $200.00. Collectively, the plaintiffs in this case, at the time of filing this action, had paid a total of $16,000 in obtaining the required special use permits. It appears that upon payment of the $200.00 fee the permit was issued automatically and that no applicant had been denied a permit.

Following a hearing, the court adopted the suggested findings of fact and conclusions of law submitted by the defendants and found in favor of the defendants on all issues. Plaintiffs raise several issues on appeal, many of which are now moot due to action of the 1986 legislature. The legislature adopted Senate Bill No. 678, which amended K.S.A. 1985 Supp. 19-101a to provide:

"(a) The board of county commissioners may transact all county business and perform all powers of local legislation and administration it deems appropriate, subject only to the following limitations, restrictions, or prohibitions:

. . . .

(22) Counties may not regulate the production or drilling of any oil or gas well in any manner which would result in the duplication of regulation by the state corporation commission and the Kansas department of health and environment pursuant to chapter 55 and chapter 65 of the Kansas Statutes Annotated and any rules and regulations adopted pursuant thereto. Counties may not require any license or permit for the drilling or production of oil and gas wells. Counties may not impose any fee or charge for the drilling or production of any oil or gas well." K.S.A. 1986 Supp. 19-101a.

It also amended K.S.A. 55-151(b) to provide that a copy of the application of intent to drill, required by that statute to be filed with the State Corporation Commission, be sent to the clerk of the county in which the well is to be drilled. Thus it appears obvious that Section 21 of the Leavenworth County resolution no longer has any force or effect and counsel for the defendants so acknowledged at oral argument before this Court.

The issue of whether the denial of a temporary injunction was proper is also conceded by plaintiffs to be not only discretionary with the court but moot under the present factual setting. However, plaintiffs do urge that in the event we determine the trial court erred in upholding the resolution that this action be remanded for further proceedings to determine as additional damages any fees paid by plaintiffs subsequent to the filing of this action.

Although the determination of the future validity of the resolution is mooted by the legislative action, it is still necessary to consider its validity in order to resolve the issue of whether plaintiffs are entitled to recover, as damages, the fees paid Leavenworth County under Section 21 of the resolution. Several attacks are made upon the validity of the resolution which, in view of the decision of the Court, need not all be considered.

Plaintiffs assert the resolution is void because it is a revenue raising procedure and an illegal tax disguised as a zoning fee, which bears no reasonable relation to the costs of administering the provisions of the resolution. K.S.A. 19-2901 *et seq.* establish a comprehensive scheme and plan for county zoning and planning. K.S.A. 19-2909 provides that the zoning board, with the

approval of the county commissioners, may establish reasonable fees for zoning permits to be used "for the sole purpose of helping defray the cost of administering this act."

The evidence before the trial court consisted of the testimony of John Jennings, President of plaintiff Jennings Drilling Company, and County Commissioner Donald F. Aaron, along with the deposition of the zoning administrator, Ronald Bacon. Mr. Aaron testified the ordinance was enacted to address a multitude of problems related to oil and gas drilling operations. Those problems included overflow from wells getting into streams and pastures, the breakdown of the shoulders of roads from trucks crossing roadside ditches, culvert installation, and others. Mr. Aaron testified a resolution already existed addressing the problem with the roadside ditches and it appears that control of many of the problems was not in the domain of the zoning employees. He also testified the $200 fee went towards sending the assessor out to check on the oil site, sending the gasman out, and sending a commissioner out to check on the zoning administrator.

The problems testified to by the county commissioner and the zoning administrator do not appear to be related to zoning, but are solely related to what the witnesses denominated "babysitting" the oil and gas industry. The resolution requires a special use permit in order to place an oil and gas drilling operation in an area in which it is otherwise prohibited. No hearing is required and, unless the applicant has a bad prior history, all applications are granted immediately upon payment of the fee. No applications had ever been denied. The problems testified to by the witnesses would appear to be subject to resolution by other than the zoning administrator and not a proper function of his office. Fees for other special use permits under Board Order #1984-15 ranged from $5.00 to $120.00. The trial court erred in determining the $200.00 fee was reasonably related to the cost of administering the act as required by K.S.A. 19-2909 and, therefore, we hold that Section 21 of the resolution relating to oil and gas wells, drilling apparatus, and storage tanks, and the $200.00 permit fee are invalid. As a result the plaintiffs, on remand, are entitled to the entry of judgment in their favor for damages in the amount paid by them under the terms of the resolution.

In view of the decision reached, we need not consider the

other attacks upon the resolution, including plaintiffs' assertion that it is unconstitutionally vague and denies them equal protection of the laws.

Finally, plaintiffs contend that as the resolution is unconstitutional it infringes upon their civil rights and they should be allowed attorney fees pursuant to 42 U.S.C. § 1988. The trial court in considering this issue stated:

"The Plaintiffs have requested an allowance for attorney fees under the provisions of 42 U.S.C. § 1988: This request is hereby denied because of the Court's deciding this case against the plaintiffs. But even if the court had decided this case in favor of the plaintiffs, the Court would not have awarded attorney fees because the law is not entirely clear and the issues in this case are complex and difficult and the defendants acted in good faith in everything they did as developed in the evidence in this case; requiring them to pay attorney fees in such circumstances would not be warranted."

As indicated earlier, we need not address the issue of the constitutionality of the resolution. In *Gumbhir v. Kansas State Board of Pharmacy*, 231 Kan. 507, 646 P.2d 1078 (1982), *cert. denied* 459 U.S. 1103 (1983), we reviewed at length the allowance of attorney fees under 42 U.S.C. § 1988 in civil rights actions. We also recognize that the discretion to not allow attorney fees to a prevailing party is somewhat limited. See annotations to 42 U.S.C.A. § 1988 (1981), notes 237 and 238. However, we agree with the trial court that this is not an appropriate action for allowance of fees even if we were to determine the resolution was unconstitutional. Not every action which attacks the validity of a statute, ordinance, or resolution can be denominated a civil rights action merely by stating in the petition that the questioned law violates 42 U.S.C. § 1983 *et seq.* (1982).

The judgment of the trial court is affirmed in part and reversed in part in accordance with the views set forth herein and the case is remanded with directions to enter judgment in favor of plaintiffs for the amount of the fees they have paid under the invalid resolution.