Jeffery A. Sutton Wabaunsee County Attorney P.O. Box 278 Alma, Kansas 66401-0278
Dennis Hall Tri-County Drainage District #1 Rossville, Kansas 66533
Dear Mr. Sutton and Mr. Hall:
As Wabaunsee county attorney and attorney for Tri-County Drainage District No. 1, you request our opinion regarding whether passage of a charter resolution by unanimous vote of a quorum of county commission members present is valid under K.S.A. 19-101b. You have provided a copy of Wabaunsee county charter resolution no. 92-9 and the minutes of the meeting of the board of Wabunsee county commissioners held on August 3, 1992. The Wabaunsee county commission adopted resolution no. 92-9 as a charter resolution to exempt the county from the provisions of K.S.A. 82a-309
(Ensley 1989) which control distribution of sand royalty funds. The vote of the three-member commission was two in favor with one member absent from the meeting. The resolution was signed by the two voting members. Based upon these actions, you ask whether Wabaunsee county charter resolution no. 92-9 is a valid charter resolution exempting Wabaunsee county from the provisions of K.S.A.82a-309.
K.S.A. 19-101b(a) provides that:
 "Any county, by charter resolution, may elect in the manner prescribed in this section that the whole or any part of any act of the legislature applying to such county other than those acts concerned with those limitations, restrictions or prohibitions set forth in subsection (a) of K.S.A. 19-101a, and amendments thereto, shall not apply to such county."
K.S.A. 19-101b(b) sets out the requirements for passing a charter resolution and states in part: "[s]uch charter resolution shall require the unanimous vote ofall board members unless the board determines prior to passage it is to be submitted to a referendum. . . ." (Emphasis added.)
Where a statute provides that a matter be enacted by unanimous vote only, "the unanimous vote of those present at the meeting is all that is necessary." 56 Am. Jur. 2d Municipal Corporations § 169 (1971). However, where a statute requires the vote of a certain proportion of "the members" of the commission, a vote by the requisite proportion of those present is deemed insufficient. Id. See also 62 C.J.S. MunicipalCorporations § 404(d) (1949). "The fact that some members of the council are absent at the time of the vote has been held not enough to vary the requirement that the necessary majority is that of the full membership of the body." 43 A.L.R.2d 698, at 709 § 6.
Under a zoning ordinance which gave the city council the right to overrule the planning commission's denial of a permit by a "full affirmative vote of all members thereof," the unanimous vote of four of the five members, one being absent and not voting, was held invalid by the court in Hopkins v. MacCulloch, 95 P.2d 950,956 (Cal.Ct.App. 1939). "Where a statute requires the `unanimous vote of all members of the council' to pass an ordinance, that does not mean the unanimous vote of a quorum, or of all the members present, but of all the members constituting the whole council." 95 P.2d at 956
(quoting Crickenberger v. Westfield, 58 A. 1097 (N.J. 1904). See also Tidewater Southern Railway Co. v.Jordan, 124 P. 716 (Cal. 1912).
In City of Haven v. Gregg, 224 Kan. 117 (1988), the Kansas Supreme Court considered whether two council members voting in favor, one member abstaining, and one member not voting constituted the required majority of all the members-elect of the council to pass an ordinance. The court reaffirmed that "[t]here is a presumption that a city government has complied with the law in passing an ordinance. . . . Further, the presumption . . . must be overcome by clear and convincing evidence." 244 Kan. at 118-119 citingState, ex. rel., v. City of Hutchinson, 109 Kan. 484,487 (1921). The common-law rule that abstentions are considered votes with the majority is upheld in Kansas "unless modified by constitutional amendment, statutory law, or judicial decision." 244 Kan. at 122. The Court found the ordinance invalid because the clear legislative intent requiring the affirmative vote of "amajority of all the members-elect of the council"
overruled the common-law rule and prohibited counting an abstention or refusal to vote as an affirmative action on the motion. 244 Kan. at 123 (emphasis added).
The Kansas Supreme Court has looked to secondary authority in considering abstention issues when the statute requires unanimity. See Ertl v. Board of CountyCommissioners, 211 Kan. 202, 204 (1973). Although the Court has not specifically addressed whether an absent member varies a requirement of a unanimous vote of all board members, we believe the Court would look to other states and secondary authorities and invalidate such an action. It is our opinion that the unambiguous language of K.S.A. 19-101b requiring "the unanimous vote of all board members" overrides the common law rule that an abstention is counted as a vote with the majority, and therefore Wabunsee county charter resolution no. 92-9 is not a valid charter resolution if in fact one member was absent and did not vote for its passage.
You also ask "[i]f Wabaunsee County Charter Resolution #92-9 is invalid, are the drainage districts as described in K.S.A. 82a-309, including Tri-County Drainage District, entitled to distribution of their proportionate share of sand royalty funds which Wabaunsee County, Kansas had on hand August 3, 1992 and additional funds which were have been received since that date?"
The Kansas Supreme Court on occasion has declared county resolutions invalid, but no Kansas cases were found where the invalid resolution involved distribution of monies by the county. The Court has awarded damages against a county where the county assessed a fee under an invalid resolution. In Billy Oil Company, Inc. v.Board of County Commissioners of the County ofLeavenworth, 240 Kan. 702 (1987), the Court held that a resolution requiring a special use permit fee was invalid and ordered the county to reimburse the fees paid under the invalid resolution. On the other hand, the Court has absolved the county from paying damages where it would create an undue hardship on the county. In Blevins v. Hiebert, 247 Kan. 1 (1990) the Court validated the issuance of general obligation bonds the county had issued pursuant to an invalid procedure to avoid undue hardship on the county.
You state that the drainage district made written request for distribution of sand royalty funds in July 1994 and July 1995, however we are not aware of any legal action taken by them to challenge the validity of charter resolution no. 92-9. In State v. Vargas, 265 A.2d 345 (Connecticut 1969), the court concluded that the challenge to a building code ordinance that had been in existence fourteen years was insufficient due to the lapse of time and the fact that its legality had never been challenged. The ordinance in Vargas had been relied upon by many people for a long period of time and involved many property interests. Even though the scope of charter resolution no. 92-9 is narrower and has been in existence for a shorter period of time, a court may find that the drainage districts waived their right to question the validity of the resolution by not bringing an action challenging the resolution.
Although in our opinion Wabaunsee county charter resolution no. 92-9 was never legally enacted and therefore did not exempt the county from the provisions of K.S.A. 82a-309 (Ensley 1989), we are unable to determine whether the drainage districts described in K.S.A. 1995 Supp. 82a-309, as amended, are entitled to distribution of their proportionate share of sand royalty funds which Wabaunsee county had on hand on August 3, 1992, and additional funds received thereafter. There are numerous procedural, equitable and substantive arguments that can be made by both parties, making this a determination best decided by a court.
We note that K.S.A. 82a-309 was amended in 1995 to apply uniformly to all counties effective July 1, 1995. L. 1995, ch. 238, § 2. Even if charter resolution no. 92-9 had been properly passed, it would have been rendered invalid by the 1995 amendments. See K.S.A. 19-101b
(d) and Attorney General Opinion No. 82-87.
In summary, it is our opinion that because one member of the board of county commissioners was absent and did not vote, Wabaunsee county charter resolution no. 92-9 is invalid because the vote did not comply with K.S.A.19-101b which requires a "unanimous vote of all boardmembers" for passage. (Emphasis added.) The invalid resolution did not exempt Wabaunsee county from distributing sand royalty funds to drainage districts as outlined in K.S.A. 82a-309, however it is up to a court to decide if the drainage districts described in K.S.A.82a-309 are entitled to their proportionate share of sand royalty funds which Wabaunsee county had on hand at the time of the passage of charter resolution no. 92-9 and additional sand royalty funds received by the county thereafter.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Donna M. Voth Assistant Attorney General
CJS:JLM:DMV:jm