Blaine Finch Franklin County Counselor 109 West Second Street P.O. Box 643 Ottawa, Kansas 66067-0643
Dear Mr. Finch:
As Franklin County Counselor, you request our opinion regarding several issues relating to the taking of minutes of Franklin County Commission board meetings. You inform us that the Franklin County Commissioners (Commissioners) recently adopted a resolution setting forth a policy for taking minutes.[1]
The Franklin County Clerk has objected to this policy and has indicated that she will not comply with its directives, based upon her reading of K.S.A. 19-305. This impasse has resulted in your raising the following questions:
 • Does the county commission or the county clerk have the authority to determine the content and form of minutes of the commission meetings?
 • Does the county commission have authority to direct the county clerk to record commission meetings in a certain form or may she include in those minutes any information or opinions that she deems worthy of recordation? STYLE="font-size: 9pt"Does K.S.A. 19-305 require that the county clerk attend and record all county commission meetings or may the commission authorize some other person to undertake such record keeping duties, providing the finalized version of the minutes to the county clerk for formal recordation?
 Minutes of a meeting are sometimes the only evidence of official actions by a municipality.[2] á One purpose for keeping minutes is to avoid reliance on parol evidence and the mere recollection of witnesses.[3] Minutes should contain such things as what members were present at a given meeting. Failure to keep minutes may raise a presumption that no actual meeting took place on a specified date.[4] If a matter is not recorded in official minutes, parol evidence may still be received to show the substance of the actual vote of each member of a board of county commissioners.[5]
 "Municipal councils may order the minutes or record of its own proceedings from a previous meeting be corrected according to the facts although the record or minutes have already been approved.á Parties affected by inaccurate minutes can also request correction or augmentation.á However, an erroneous record of the proceedings of a municipal council cannot be corrected or amended to the derogation of the rights of third persons without notice of the error.á Furthermore, amendment may not be used to invent new reasons for the governing body's action or collaterally attack a particular vote.á In the case that it is a different council making the amendment or correction from the one who made the original record and the former council's knowledge of the proceedings derives from information provided by other persons the power to amend and correct does not lie."[6]
Specific statutes may require that certain matters be recorded in official minutes.[7] However, there are relatively few statutes requiring inclusion of specific information in the minutes of county commission meetings. Rather, most statutes mentioning minutes are very general in nature.[8] In the absence of a specific statute requiring that certain matters be recorded, what is contained in the minutes of a body is largely a discretionary decision left to the best judgement of the individuals in question.[9] Thus, you have asked us to determine which entity, the county clerk or the county commission, exercises final authority over the form and content of the official minutes of a county commission meeting.
K.S.A. 19-212 generally sets forth the authority of a county board of commissioners and notes that such authority is exercisedat meetings. In setting forth the duties of a county clerk, K.S.A. 19-305 states:
 "It shall be the general duty of the county clerk: First, to record, in a book to be provided for that purpose, all proceedings of the board; second, to make regular entries of their resolutions and decisions in all questions concerning the raising of money; third, to record the vote of each commissioner on any question submitted to the board, if required by any member; fourth, sign all orders issued by the board for the payment of money; fifth, to preserve and file all accounts acted upon by the board, with their action thereon; and he shall perform such special duties as are required of him by law."[10]
This statute has been cited in six Attorney General Opinions, none of which directly addresses the questions you pose.[11] However, Kansas appears to have a long tradition of the county clerk serving as the secretary for the county board of commissioners. In State ex rel. Leisure,[12] the Kansas Supreme Court decided that the Seward County Clerk should not be removed from office for signing a particular county warrant (check). In reaching this decision, the Court reviewed the language now set forth at K.S.A. 19-305 and found that in signing the particular document the clerk was merely following the directives of the county commissioners and could not be held personally liable for any improprieties surrounding its issuance. In reaching this conclusion, the Court quoted language from an even earlier Kansas case discussing the duties of county clerks:
 "It is the duty of the county clerk to attend the sessions of the board of county commissioners, to keep a record of their proceedings, to sign the record, and attest the same with the county seal. He is merely a clerk in such cases for the board; having no supervisory control over, and not responsible for their action, it is not for him to determine whether they act wisely or unwisely, prudently or imprudently, legally or illegally, at least so long as they keep within the scope of their authority."[13]
The language in K.S.A. 19-305 clearly requires that the clerk record, in a book to be provided for that purpose, all proceedings of the board, make regular entries of the board's[14] resolutions and decisions in all questions concerning the raising of money, record the vote of each commissioner on any question submitted to the board, if required by any member, sign all orders issued by the board for the payment of money, and to preserve and file all accounts acted upon by the board, with their action thereon. None of these stated duties requires the use of independent discretionary decision-making by a county clerk. Rather, they appear to be ministerial in nature.
Minutes provide a way to insure that there is some official record of specific information involving the actions taken by a county commission.[15] In performing statutorily assigned duties, K.S.A. 19-305 does not specifically direct the county to include general conversations or comments in official minutes. Nor does the statute specifically mention county clerk attendance at board meetings. Rather clerks' attendance at board meetings appears to have been historically implied based upon the requirement that the county clerk be responsible for things such as recording votes on questions (if required by any member) or recording proceedings in a book provided for that purpose.
We have as guidance the decision of the Kansas Supreme Court inThe State ex rel. v. Allen,[16] wherein the Court examined a situation involving a county clerk who had refused to attend and record county commission meetings. The Court held that the clerk could be ousted from office for refusing to perform these duties, thus evidencing that such duties are required of a county clerk.[17] While the provisions of K.S.A. 19-305
have since been further amended, it appears that this case and Kansas tradition evidence a clear intent to require a county clerk to attend and record county commission meetings, and otherwise provide clerical type services to the county commissioners.
This is not to say that the county commission is the employer of a county clerk. Clearly, each is a separately elected county official. We have reviewed various situations involving the question of which county official has the" final word" on specific matters and county business. Attorney General Opinion No. 86-2 concluded that "the duties of the county clerk and county appraiser are statutorily prescribed but are administered at the direction of the board of county commissioners, which has the power and authority to determine and allocate how county resources are to be used and which office has responsibility for such resources." Likewise, in Attorney General Opinion No.94-115, this office stated that "the board of county commissioners and the county officials should decide what is necessary to properly expedite the business . . . in their shared discretion." Finally, as discussed in several Attorney General Opinions, a county commission may not attempt to control the performance of statutorily assigned official duties or discretionary decision making of another elected county official, unless properly reorganizing the county offices pursuant to K.S.A. 12-3901 et seq.[18] Thus, we believe that both the board and the clerk have a role to play in the proper recordation of county board meetings. Nevertheless, we believe that the greater discretionary authority as to what minutes actually state is vested in the county commission, not the county clerk.
You have also asked us to address whether a county commission may designate someone other than the county clerk to record minutes of meetings. The answer will depend upon whether the duties in question are mandatorily assigned to the county clerk and whether such duties may be delegated. Moore v.Wilson[19] stated the applicable rule concerning delegation of duties: "The general rule is that official duties of a ministerial character may be delegated to another but those requiring the exercise of judgment and discretion can not, unless specific statutory authority to do so is given."[20]
Recording county board meeting minutes appears to be a ministerial duty. Thus, we believe a clerk may delegate the performance of this duty to someone else, should the clerk choose to do so.
Based upon the foregoing discussion and authority, we conclude as follows:
Questions 1 and 2: Does the county commission or the countyclerk have the authority to determine the content and form ofminutes of the commission meetings? Does the county commissionhave authority to direct the county clerk to record commissionmeetings in a certain form or may she include in those minutesany information or opinions that she deems worthy ofrecordation?
 It is our opinion that the board of county commissionerspossesses the ultimate and final authority with regard to thecontent of minutes of their meetings. While other persons maykeep their own private minutes, containing whatever informationthey wish to record, the official minutes of commission meetingsreflect the commission's actions and decisions. We are aware ofno public or private body where the content of minutes fallsoutside the scope of that body's control. As noted in the Alancase, the county clerk is not liable or legally responsible forthe content of documents that the county commission directs theclerk to create. Thus, it is our opinion that the content andform of official meeting minutes is subject to the final decisionof a board of county commissioners. While the county commissionmay not control the clerk's performance of official duties, itmay require that minutes of its meetings be in a certain form andcontain (or omit) specific information, and the board may refuseto approve minutes that do not meet with its approval.
 Question 3: Does K.S.A. 19-305 require that the county clerkattend and record all county commission meetings or may thecommission authorize some other person to undertake such recordkeeping duties, then providing the finalized version of theminutes to the county clerk for formal recordation?
 We believe that while the language of K.S.A. 19-305 is notabsolutely clear on this point, when it is read with the twoKansas cases from the 1800's[21] and the statementcontained in the Ertl case, it appears that the county clerkshould act as the secretary for the board of countycommissioners, and record the minutes of county commissionmeetings. A board of county commissioners may not substantiallyalter the statutorily assigned duties of a county clerk underK.S.A. 19-305 without compliance with K.S.A. 12-3901 et seq.The county clerk or a deputy or assistant assigned by the clerkremains the person officially responsible for taking suchminutes. Once the minutes are in a form approved by thecommission, K.S.A. 19-305 requires the county clerk to recordthose finalized minutes in "a book provided for that purpose."
Sincerely,
 Phill Kline Attorney General
 Theresa Marcel Bush Assistant Attorney General
PK:JLM:TMB:jm
[1] You note that this was done after consulting severalsources in order to standardize the procedures in question. Theadopted resolution includes provisions stating that the minutesshall be an accurate accounting of the actions taken by theBoard, but should not include personal opinions or verbatimaccounts of what was said by individual board members or otherspeakers at meetings. The policy calls for a process by whichdrafts of minutes are to be presented to and corrected by theBoard prior to becoming officially spread on the record. Finally,the policy states that no version other than the minutes approvedby the Board shall be placed in the official minute book.
[2] City of Moss Point v. Miller, 608 So. 2d 1332 (Miss.1992).
[3] Alabama City, G. A. Ry. Co. v. City of Gadsden,64 So. 91 (Ala. 1913).
[4] In re Fort Cobb, Okl., Irrigation Fuel Authority,468 F. Supp. 338, 20 C.B.C. 471, Bankr. L. Rep. (CCH) 67102 (W.D. Okla.1979).
[5] Parole evidence is allowed when no record of a vote hasbeen taken by the county clerk as directed in K.S.A. 19-305,third, or when no such record is made in the minutes of themeeting at which the vote was taken. Ertl v. Board of CountyComm'rs of Riley County, 211 Kan. 202 (1973).
[6] 56 Am.Jur.2d Municipal Corporations, Counties, and OtherPolitical Subdivisions, § 179, Amendment or Correction.(1971).
[7] See, e.g., K.S.A. 75-4319 (requires the recordation ofmotions to go from an open meeting into an executive session).
[8] See, e.g., K.S.A. 19-2674 (requires legislative reportof meetings of citizens' commissions); K.S.A. 12-893 (cityutility board minutes required to be accurate).
[9] See Attorney General Opinion No. 90-47 (in the absenceof statutory directives, a city governing body is not required torecord specific information in the minutes of special or regularmeetings).
[10] Emphasis added.
[11] Attorney General Opinions No. 99-18 (although the dutiesof the county clerk, treasurer, administrator, auditor andcontroller are set forth in statutes, the board of countycommissioners is given exclusive control over all countyexpenditures and discretion to require additional duties of thosecounty officials who oversee the county budget); 92-40 (thecounty clerk does not have the authority nor the responsibilityof making sure that the orders issued by the board of countycommissioners are wise or proper as long as the expenditures arewithin the scope of their authority.); 83-149 (the duties of thecounty clerk are statutorily prescribed and require access tosuch records and accounting information as is necessary in orderto carry out such duties); 82-135 (the duties of county clerksare prescribed by statutes uniformly applicable to all countiesand may be altered by a board of county commissioners onlyaccording to the procedure set out in K.S.A. 12-3901 etseq.); 79-24 and 77-300 (the county clerk and the countyappraiser must work together in the preparation of the tax rolls,each having their statutory duties and time limits assigned tothem. The county clerk has primary and ultimate responsibility inthe preparation of the tax rolls, both real and personal, exceptthat all matters pertaining to the appraisal of property fortaxation purposes are placed in the county appraiser).
[12] 42 Kan. 272 (1889).
[13] State v. Allen, 5 Kan. 213 (1869).
[14] Referring to the county commissioners.
[15] However, absence of documents from files of a tribunal orpublic board, such as a county commission, is not conclusiveevidence that documents were never filed. Barrett v. NinnescahBow Hunters Ass'n, 15 Kan.App. 241 (1991).
[16] 5 Kan. 213 (1869).
[17] "It is the duty of the county clerk to attend thesessions of the board of county commissioners, keep a record oftheir proceedings, sign the record, and attest the same with thecounty seal. [Gen. State.,263 § 43, 44]. He is merely a clerkin such cases for the board, having no supervisory control over,and not responsible for their action. . . ."
[18] See Attorney General Opinions No. 2000-49, 98-33, 97-51and 94-19.
[19] 82 Kan. 745, 747 (1911).
[20] See also Attorney Gen. Opinion No. 82-259.
[21] State v. Allen, supra; State ex rel. Leisure, supra.